## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC, | Civil Action No. 2:16-cv-1042 |
| *Plaintiff,* | |
| v. | JURY TRIAL DEMANDED |
| ARISTA NETWORKS, INC. | |
| *Defendant.* | |

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Marking Object Virtualization Intelligence, LLC ("MOV Intelligence" or "Plaintiff"), by and through its attorneys, brings this action and makes the following allegations of patent infringement relating to U.S. Patent Nos.: 7,200,230 ("the '230 patent"); 6,802,006 ("the '006 patent"); 6,510,516 ("the '516 patent"); 7,650,504 ("the '504 patent"); and 7,650,418 ("the '418 patent") (collectively, the "patents-in-suit" or the "MOV Intelligence Patents"). Defendant Arista Networks, Inc. ("Arista" or "Defendant") infringes each of the patents-in-suit in violation of the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

### MARKING OBJECT VIRTUALIZATION INTELLIGENCE, LLC

1.     Marking Object Virtualization Intelligence, LLC ("MOV Intelligence") is a Texas limited liability company with its principal place of business located at 903 East 18th Street, Suite 217, Plano, Texas 75074.  MOV Intelligence is committed to advancing the current state of DRM and watermarking technologies.

2.     MOV Intelligence Global Licensing, LLC ("MOV Global Licensing") is a wholly-owned subsidiary of MOV Intelligence and assists in the licensing of MOV Intelligence's patents in territories outside the United States with a focus on the European Union (and the

United Kingdom).  MOV Intelligence Global Licensing, LLC is a corporation organized under the laws of Delaware.

## ARISTA NETWORKS, INC.

3.      On information and belief, Arista Networks, Inc. is a Delaware corporation with its principal place of business at 5453 Great America Parkway, Santa Clara, California 95054. Arista may be served through its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, this Court has personal jurisdiction over Arista in this action because Arista has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Arista would not offend traditional notions of fair play and substantial justice. Arista, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patents-in-suit.  In addition, Defendant Arista is registered to do business in the State of Texas.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Arista is registered to do business in Texas, and upon information and belief, has transacted business in the Eastern District of Texas and has committed acts of direct and indirect infringement in the Eastern District of Texas.  Plaintiff MOV Intelligence is not owned or controlled by Rovi Corporation or any affiliate of Rovi Corporation

## THE ASSERTED PATENTS

### U.S. PATENT NO. 7,200,230

7.      U.S. Patent No. 7,200,230 (the "'230 patent"), entitled System and Method for Controlling and Enforcing Access Rights to Encrypted Media, was filed January 15, 2001, and claims priority to April 6, 2000.  MOV Intelligence is the owner by assignment, of all right, title, and interest in the '230 patent.   A true and correct copy of the '230 patent is attached hereto as Exhibit A.

### U.S. PATENT NO. 6,802,006

8.      U.S. Patent No. 6,802,006 (the "'006 patent"), entitled System and Method of Verifying the Authenticity of Dynamically Connectable Executable Images, was filed on July 22, 1999, and claims priority to January 15, 1999.  MOV Intelligence is the owner by assignment, of all right, title, and interest in the '006 patent.  A true and correct copy of the '006 patent is attached hereto as Exhibit B.

### U.S. PATENT NO. 6,510,516

9.      U.S. Patent No. 6,510,516 (the "'516 patent"), entitled System and Method for Authenticating Peer Components, was filed on January 15, 1999, and claims priority to January 16, 1998.  MOV Intelligence is the owner by assignment, of all right, title, and interest in the '516 patent.  A true and correct copy of the '516 patent is attached hereto as Exhibit C.

### U.S. PATENT NO. 7,650,504

10.      U.S. Patent No. 7,650,504 (the "'504 patent"), entitled System and Method of Verifying the Authenticity of Dynamically Connectable Executable Images, was filed on August 23, 2004, and claims priority to July 22, 1999.  MOV Intelligence is the owner by assignment, of all right, title, and interest in the '504 patent.  A true and correct copy of the '504 patent is attached hereto as Exhibit D.

**U.S. PATENT NO. 7,650,418**

11.     U.S. Patent No. 7,650,418 (the "'418 patent"), entitled System and Method for Controlling the Usage of Digital Objects, was filed on August 26, 2004, and claims priority to December 8, 1998.  MOV Intelligence is the owner by assignment, of all right, title, and interest in the '418 patent.  A true and correct copy of the '418 patent is attached hereto as Exhibit E.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,200,230**

12.     MOV Intelligence references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

13.     Arista designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for digital rights management.

14.     Arista designs, makes, sells, offers to sell, imports, and/or uses Arista EOS versions 4.9.X, 4.10.X, 4.11.X, 4.12.X, 4.13.X, 4.14.X, 4.15.X (the "Arista '230 Products").

15.     On information and belief, one or more Arista subsidiaries and/or affiliates use the Arista '230 Products in regular business operations.

16.     On information and belief, one or more of the Arista '230 Products include digital rights management technology.

17.     On information and belief, one or more of the Arista '230 Products enable associating a user program key with a user program configured to run on a user data processor.

18.     On information and belief, the Arista '230 Products are available to businesses and individuals throughout the United States.

19.     On information and belief, the Arista '230 Products are provided to businesses and individuals located in the Eastern District of Texas.

20.     On information and belief, the Arista '230 Products enable determining whether the use of the data object is to be restricted to a particular user data processor.

21.     On information and belief, the Arista '230 Products comprise a system wherein a machine key device is associated with the particular user data processor.  Further, the machine

key device is accessible by the user program, and the machine key device maintains a portion of a machine key.

22.     On information and belief, the Arista '230 Products enable encrypting a data object so the decryption of a first secure layer and a second secure layer of the encrypted data object requires the user program key and the machine key.

23.     On information and belief, the Arista '230 Products enable determining whether the use of the data object is to be restricted to a particular user.

24.     On information and belief, the Arista '230 Products provide for the designation and authentication of the identity of a user by whom the data object is to be used.

25.     On information and belief, the Arista '230 Products enable associating a user key device with the particular user.  Further, the Arista '230 Products enable the user key device to be made accessible by the user program.  And, the user key device maintains a portion of a user key.

26.     On information and belief, the Arista '230 Products contain functionality for encrypting a data object so the decryption of a third secure layer of the encrypted data object requires the user key.

27.     On information and belief, the Arista '230 Products contain functionality wherein the third key used by the system for managing digital rights is the media access controller (MAC) address of the user data processor.

28.     On information and belief, the Arista '230 Products provide for encryption of a data object so only a designated data processor can decrypt and use the data object.

29.     On information and belief, the Arista '230 Products enable user specific digital rights management authorization and access.

30.     On information and belief, Arista has directly infringed and continues to directly infringe the '230 patent by, among other things, making, using, offering for sale, and/or selling digital content protection technology, including but not limited to the Arista '230 Products, which include infringing digital rights management technology.  Such products and/or services

include, by way of example and without limitation, the Arista EOS versions 4.9.X, 4.10.X, 4.11.X, 4.12.X, 4.13.X, 4.14.X, 4.15.X.

31.     By making, using, testing, offering for sale, and/or selling digital rights management products and services, including but not limited to the Arista '230 Products, Arista has injured MOV Intelligence and is liable to MOV Intelligence for directly infringing one or more claims of the '230 patent, including at least claim 39, pursuant to 35 U.S.C. § 271(a).

32.     On information and belief, Arista also indirectly infringes the '230 patent by actively inducing infringement under 35 USC § 271(b).

33.     On information and belief, Arista had knowledge of the '230 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Arista knew of the '230 patent and knew of its infringement, including by way of this lawsuit.

34.     On information and belief, Arista intended to induce patent infringement by third-party customers and users of the Arista '230 Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Arista specifically intended and was aware that the normal and customary use of the accused products would infringe the '230 patent.  Arista performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '230 patent and with the knowledge that the induced acts would constitute infringement.  For example, Arista provides the Arista '230 Products that have the capability of operating in a manner that infringe one or more of the claims of the '230 patent, including at least claim 39, and Arista further provides documentation and training materials that cause customers and end users of the Arista '230 Products to utilize the products in a manner that directly infringe one or more claims of the '230 patent.  By providing instruction and training to customers and end-users on how to use the Arista '230 Products in a manner that directly infringes one or more claims of the '230 patent, including at least claim 39, Arista specifically intended to induce infringement of the '230 patent.  On information and belief, Arista engaged in such inducement to promote the sales of the Arista '230 Products, e.g., through Arista user manuals, product support, marketing

materials, and training materials to actively induce the users of the accused products to infringe the '230 patent. Accordingly, Arista has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '230 patent, knowing that such use constitutes infringement of the '230 patent.

35.     The '230 patent is well-known within the industry as demonstrated by the over 180 citations to the '230 patent family in published patents and published patent applications assigned to technology companies and academic institutions.   Several of Arista's competitors have paid considerable licensing fees for their use of the technology claimed by the '230 patent. In an effort to gain an advantage over Arista's competitors by utilizing the same licensed technology without paying reasonable royalties, Arista infringed the '230 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

36.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '230 patent.

37.     As a result of Arista's infringement of the '230 patent, MOV Intelligence has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Arista's infringement, but in no event less than a reasonable royalty for the use made of the invention by Arista together with interest and costs as fixed by the Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,802,006

38.     MOV Intelligence references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

39.     Arista designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for determining the authenticity of an executable image.

40.     Arista designs, makes, sells, offers to sell, imports, and/or uses Arista 7500 Series Switches running Arista EOS (the "Arista '006 Products").

41.     On information and belief, one or more Arista subsidiaries and/or affiliates use the Arista '006 Products in regular business operations.

42.     On information and belief, one or more of the Arista '006 Products include authentication technology.

43.     On information and belief, one or more of the Arista '006 Products enable authenticating the identity of a software application in a dynamic loading environment.  In particular, the Arista '006 Products determine whether an executable image has been dynamically connected to another data object that has been tampered with subsequent to the execution of the software application.

44.     On information and belief, the Arista '006 Products are available to businesses and individuals throughout the United States.

45.     On information and belief, the Arista '006 Products are provided to businesses and individuals located in the Eastern District of Texas.

46.     On information and belief, the Arista '006 Products enable identifying one or more locations within the executable image, each of the identified locations being modified by a program loader.

47.     On information and belief, the Arista '006 Products comprise a system wherein a reference digital signature is generated based on an executable image.

48.     On information and belief, the Arista '006 Products generate a reference digital signature that excludes one or more locations in an executable image.

49.     On information and belief, the Arista '006 Products are capable of storing the reference digital signature on a computer network.

50.     On information and belief, the Arista '006 Products comprise systems and methods wherein an authenticity digital signature is generated based on an executable image.

51.     On information and belief, the Arista '006 Products comprise systems and methods that generate an authenticity digital signature that excludes one or more locations in an executable image.

52.     On information and belief, the Arista '006 Products comprise systems and methods that determine whether the authenticity digital signature matches the reference digital signature.

53.     On information and belief, the Arista '006 Products contain functionality that generates a warning if the reference digital signature does not match the authenticity digital signature.

54.     On information and belief, the Arista '006 Products contain functionality wherein the digital signature is generated based on a first and second point in time.  For example, one or more of the Arista '006 Products generate a reference digital signature at a first point in time. Subsequently, an authenticity digital signature is generated (at a second point in time).

55.     On information and belief, the Arista '006 Products comprise a system and method that generates a digital signature based on a hash value.  Specifically, the reference digital signature that is generated by the Arista '006 Products at a first point in time is based on a hash value.  Later the authenticity digital signature is also generated based on a hash function that is used to check data integrity.

56.     On information and belief, the Arista '006 Products comprise a system and method that can verify the identity a computer application.

57.     On information and belief, the Arista '006 Products enable the detection of corrupted data in a computer image.

58.     On information and belief, the Arista '006 Products enable the verification of the integrity of software images.

59.     On information and belief, Arista has directly infringed and continues to directly infringe the '006 patent by, among other things, making, using, offering for sale, and/or selling content protection technology, including but not limited to the Arista '006 Products, which includes technology for verifying the authenticity of a software image.  Such products and/or services include, by way of example and without limitation, the Arista 7500 Series Switches running Arista EOS.

60.     By making, using, testing, offering for sale, and/or selling verification and authentication products and services, including but not limited to the Arista '006 Products, Arista has injured MOV Intelligence and is liable to MOV Intelligence for directly infringing one or more claims of the '006 patent, including at least claims 1, 3, 14, and 15, pursuant to 35 U.S.C. § 271(a).

61.     On information and belief, Arista also indirectly infringes the '006 patent by actively inducing infringement under 35 USC § 271(b).

62.     On information and belief, Arista had knowledge of the '006 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Arista knew of the '006 patent and knew of its infringement, including by way of this lawsuit.

63.     On information and belief, Arista intended to induce patent infringement by third-party customers and users of the Arista '006 Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Arista specifically intended and was aware that the normal and customary use of the accused products would infringe the '006 patent.  Arista performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '006 patent and with the knowledge that the induced acts would constitute infringement.  For example, Arista provides the Arista '006 Products that have the capability of operating in a manner that infringe one or more of the claims of the '006 patent, including at least claims 1, 3, 14, and 15, and Arista further provides documentation and training materials that cause customers and end users of the Arista '006 Products to utilize the products in a manner that directly infringe one or more claims of the '006 patent.  By providing instruction and training to customers and end-users on how to use the Arista '006 Products in a manner that directly infringes one or more claims of the '006 patent, including at least claims 1, 3, 14, and 15, Arista specifically intended to induce infringement of the '006 patent.  On information and belief, Arista engaged in such inducement to promote the sales of the Arista '006 Products, *e.g*., through Arista user manuals, product support, marketing materials, and training materials to actively

induce the users of the accused products to infringe the '006 patent. Accordingly, Arista has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '006 patent, knowing that such use constitutes infringement of the '006 patent.

64.     The '006 patent is well-known within the industry as demonstrated by the over 85 citations to the '006 patent in issued patents and published patent applications assigned to technology companies and academic institutions.   Several of Arista's competitors have paid considerable licensing fees for their use of the technology claimed by the '006 patent.  In an effort to gain an advantage over Arista's competitors by utilizing the same licensed technology without paying reasonable royalties, Arista infringed the '006 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

65.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '006 patent.

66.     As a result of Arista's infringement of the '006 patent, MOV Intelligence has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Arista's infringement, but in no event less than a reasonable royalty for the use made of the invention by Arista together with interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 6,510,516

67.     MOV Intelligence references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

68.     Arista designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for authenticating peer data objects.

69.     Arista designs, makes, sells, offers to sell, imports, and/or uses Arista EOS versions 4.9.X, 4.10.X, 4.11.X, 4.12.X, 4.13.X, 4.14.X, 4.15.X (the "Arista '516 Products").

70.     On information and belief, one or more Arista subsidiaries and/or affiliates use the Arista '516 Products in regular business operations.

71.     On information and belief, one or more of the Arista '516 Products include authentication technology.

72.     On information and belief, one or more of the Arista '516 Products enable authenticating the identity of peers to a data object.

73.     On information and belief, the Arista '516 Products are available to businesses and individuals throughout the United States.

74.     On information and belief, the Arista '516 Products are provided to businesses and individuals located in the Eastern District of Texas.

75.     On information and belief, the Arista '516 Products enable first data objects to contain or be linked to a description of one or more peer data objects that are required to be connected to the first data object before the data object can be accessed by the peer data objects.

76.     On information and belief, the Arista '516 Products enable the use of a digital signature that identifies the provider of a data object.

77.     On information and belief, the Arista '516 Products contain systems and methods that comprise reading from a data object a description of one or more peer data objects that is required for use of the data object.

78.     On information and belief, the Arista '516 Products contain functionality for determining whether the data object is authorized to communicate with one or more peer data objects.

79.     On information and belief, the Arista '516 Products contain the capability to determine if the data object is authorized to communicate with one or more peer data objects.

80.     On information and belief, the Arista '516 Products are capable of controlling the connection of the peer data objects to the data object.

81.     On information and belief, the Arista '516 Products comprise systems and methods that connect a data object to peer data objects based upon authorization being granted.

Moreover, when authorization is granted for the connection of a data object to peer data objects the peer data objects can communicate with the data object and the data object can communicate with the peer data objects.

82.    On information and belief, the Arista '516 Products support authenticating a data object where the data object is encrypted.

83.    On information and belief, Arista has directly infringed and continues to directly infringe the '516 patent by, among other things, making, using, offering for sale, and/or selling data object authentication and verification technology, including but not limited to the Arista '516 Products, which include infringing verification and authentication technologies.  Such products and/or services include, by way of example and without limitation, the Arista EOS versions 4.9.X, 4.10.X, 4.11.X, 4.12.X, 4.13.X, 4.14.X, 4.15.X.

84.    By making, using, testing, offering for sale, and/or selling authentication and verification products and services, including but not limited to the Arista '516 Products, Arista has injured MOV Intelligence and is liable to MOV Intelligence for directly infringing one or more claims of the '516 patent, including at least claims 1, 17, and 20, pursuant to 35 U.S.C. § 271(a).

85.    On information and belief, Arista also indirectly infringes the '516 patent by actively inducing infringement under 35 USC § 271(b).

86.    On information and belief, Arista had knowledge of the '516 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Arista knew of the '516 patent and knew of its infringement, including by way of this lawsuit.

87.    On information and belief, Arista intended to induce patent infringement by third-party customers and users of the Arista '516 Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Arista specifically intended and was aware that the normal and customary use of the accused products would infringe the '516 patent.  Arista performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the

'516 patent and with the knowledge that the induced acts would constitute infringement. For example, Arista provides the Arista '516 Products that have the capability of operating in a manner that infringe one or more of the claims of the '516 patent, including at least claims 1, 17, and 20, and Arista further provides documentation and training materials that cause customers and end users of the Arista '516 Products to utilize the products in a manner that directly infringe one or more claims of the '516 patent. By providing instruction and training to customers and end-users on how to use the Arista '516 Products in a manner that directly infringes one or more claims of the '516 patent, including at least claims 1, 17, and 20, Arista specifically intended to induce infringement of the '516 patent. On information and belief, Arista engaged in such inducement to promote the sales of the Arista '516 Products, e.g., through Arista user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '516 patent. Accordingly, Arista has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '516 patent, knowing that such use constitutes infringement of the '516 patent.

88.     The '516 patent is well-known within the industry as demonstrated by the over 108 citations to the '516 patent family in issued patents and published patent applications assigned to technology companies and academic institutions (*e.g.*, LG Electronics, Inc. and Siemens AG). Several of Arista's competitors have paid considerable licensing fees for their use of the technology claimed by the '516 patent. In an effort to gain an advantage over Arista's competitors by utilizing the same licensed technology without paying reasonable royalties, Arista infringed the '516 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

89.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '516 patent.

90.     As a result of Arista's infringement of the '516 patent, MOV Intelligence has suffered monetary damages, and seeks recovery in an amount adequate to compensate for

Arista's infringement, but in no event less than a reasonable royalty for the use made of the invention by Arista together with interest and costs as fixed by the Court.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 7,650,504**

91.     MOV Intelligence references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

92.     Arista designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for verifying the authenticity of executable images.

93.     Arista designs, makes, sells, offers to sell, imports, and/or uses the 504Product (the "Arista '504 Product(s)").

94.     On information and belief, one or more Arista subsidiaries and/or affiliates use the Arista '504 Products in regular business operations.

95.     On information and belief, one or more of the Arista '504 Products include authentication technology.

96.     On information and belief, one or more of the Arista '504 Products comprise systems and methods for determining the authenticity of an executable image.

97.     On information and belief, one or more of the Arista '504 Products enable authenticating and verifying an executable image.  In particular, the Arista '504 Products determine whether a software application that has been dynamically connected to another data object has been tampered with subsequent to the execution of the software application.

98.     On information and belief, the Arista '504 Products are available to businesses and individuals throughout the United States.

99.     On information and belief, the Arista '504 Products are provided to businesses and individuals located in the Eastern District of Texas.

100.     On information and belief, the Arista '504 Products enable the use of a reference digital signature for an executable image.  The reference digital signature uses the contents of the executable image excluding portions of the executable that are fixed-up by a program loader.

101.     On information and belief, the Arista '504 Products comprise a system wherein a reference digital signature is generated based on an executable image.

102.     On information and belief, the Arista '504 Products generate a reference digital signature that excludes one or more locations in an executable image.

103.     On information and belief, the Arista '504 Products comprise systems and methods wherein subsequent to the loading of the executable image the '504 Products determine an authenticity digital signature to verify that the executable image has not been improperly modified.

104.     On information and belief, the Arista '504 Products comprise systems and methods that generate an authenticity digital signature that excludes one or more locations in an executable image.

105.     On information and belief, the Arista '504 Products are systems and methods that generate an authenticity digital signature after the executable image is loaded into memory.  The authenticity digital signature which is generated by the Arista '504 Products excludes one or more pointers in need of fixing up;

106.     On information and belief, the Arista '504 Products comprise systems and methods that determine whether the authenticity digital signature matches the reference digital signature.

107.     On information and belief, the Arista '504 Products enable the generating of a reference digital signature prior to loading the executable image into memory.  Specifically, the Arista '504 Products generate a reference digital signature that excludes one or more pointers from the reference digital signature.

108.     On information and belief, the Arista '504 Products contain functionality wherein the digital signature is generated based on a first and second point in time.

109.    On information and belief, the Arista '504 Products have the ability to compare the reference digital signature and the authenticity digital signature to perform an authenticity check.

110.    On information and belief, the Arista '504 Products enable the detection of corrupted data in a computer image.

111.    On information and belief, the Arista '504 Products enable the verification of the integrity of software images.

112.    On information and belief, Arista has directly infringed and continues to directly infringe the '504 patent by, among other things, making, using, offering for sale, and/or selling content protection technology, including but not limited to the Arista '504 Products, which includes technology for verifying the authenticity of a software image.  Such products and/or services include, by way of example and without limitation, the Arista Products.

113.    By making, using, testing, offering for sale, and/or selling authentication and verification technologies and services, including but not limited to the Arista '504 Products, Arista has injured MOV Intelligence and is liable to MOV Intelligence for directly infringing one or more claims of the '504 patent, including at least claims 1 and 10, pursuant to 35 U.S.C. § 271(a).

114.    On information and belief, Arista also indirectly infringes the '504 patent by actively inducing infringement under 35 USC § 271(b).

115.    On information and belief, Arista had knowledge of the '504 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Arista knew of the '504 patent and knew of its infringement, including by way of this lawsuit.

116.    On information and belief, Arista intended to induce patent infringement by third-party customers and users of the Arista '504 Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Arista specifically intended and was aware that the normal and customary use of the accused products would infringe the '504 patent.  Arista performed the acts that

constitute induced infringement, and would induce actual infringement, with knowledge of the '504 patent and with the knowledge that the induced acts would constitute infringement.  For example, Arista provides the Arista '504 Products that have the capability of operating in a manner that infringe one or more of the claims of the '504 patent, including at least claims 1 and 10, and Arista further provides documentation and training materials that cause customers and end users of the Arista '504 Products to utilize the products in a manner that directly infringe one or more claims of the '504 patent.  By providing instruction and training to customers and end-users on how to use the Arista '504 Products in a manner that directly infringes one or more claims of the '504 patent, including at least claims 1 and 10, Arista specifically intended to induce infringement of the '504 patent.  On information and belief, Arista engaged in such inducement to promote the sales of the Arista '504 Products, e.g., through Arista user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '504 patent. Accordingly, Arista has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the '504 patent, knowing that such use constitutes infringement of the '504 patent.

117.    The '504 patent is well-known within the industry as demonstrated by the over 30 citations to the '504 patent family in issued patents and published patent applications assigned to technology companies and academic institutions (*e.g.*, Apple, Inc. and Electronics and Telecommunications Research Institute (ETRI)).  Several of Arista's competitors have paid considerable licensing fees for their use of the technology claimed by the '504 patent.  In an effort to gain an advantage over Arista's competitors by utilizing the same licensed technology without paying reasonable royalties, Arista infringed the '504 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

118.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '504 patent.

119.    As a result of Arista's infringement of the '504 patent, MOV Intelligence has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Arista's infringement, but in no event less than a reasonable royalty for the use made of the invention by Arista together with interest and costs as fixed by the Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,650,418

120.    MOV Intelligence references and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

121.    Arista designs, makes, uses, sells, and/or offers for sale in the United States products and/or services for controlling the usage of digital objects.

122.    Arista designs, makes, sells, offers to sell, imports, and/or uses Arista 7500 Series Switches running Arista EOS (the "Arista '418 Products").

123.    On information and belief, one or more Arista subsidiaries and/or affiliates use the Arista '418 Products in regular business operations.

124.    On information and belief, one or more of the Arista '418 Products comprise systems and methods for intercepting a communication between two applications in a computer environment.

125.    On information and belief, one or more of the Arista '418 Products enable intercepting a communication between two applications where the first and second application communicate via a predefined communications channel.

126.    On information and belief, the Arista '418 Products are available to businesses and individuals throughout the United States.

127.    On information and belief, the Arista '418 Products are provided to businesses and individuals located in the Eastern District of Texas.

128.    On information and belief, the Arista '418 Products include systems and methods that comprise a discreet intercept technology component (DIT) and a dynamic connection logic component (DCL).

129.    On information and belief, the Arista '418 Products comprise systems and methods wherein the DIT component permits the interception of communication and data flows between two or more components in component-based applications.

130.    On information and belief, the Arista '418 Products enable the DIT component to be inserted between two digital components.  The DIT then intercepts the data and communications, thereby controlling the communication between the two digital components.

131.    On information and belief, the Arista '418 Products comprise systems and methods that enable a control object capable of specifying a dynamic control logic depending on the intercepted data communication.

132.     On information and belief, the Arista '418 Products enable applying by the intercept application the dynamic control logic specified by the control object on the digital object.

133.    On information and belief, the Arista '418 Products contain functionality for intercepting data communication between a first application and a second application within a computer network without changing the functionality of the first application and the second application.

134.    On information and belief, Arista has directly infringed and continues to directly infringe the '418 patent by, among other things, making, using, offering for sale, and/or selling digital rights technology, including but not limited to the Arista '418 Products, which include infringing technology for controlling the usage of data objects.  Such products and/or services include, by way of example and without limitation, the Arista 7500 Series Switches running Arista EOS.

135.    By making, using, testing, offering for sale, and/or selling digital rights management products and services, including but not limited to the Arista '418 Products, Arista

has injured MOV Intelligence and is liable to MOV Intelligence for directly infringing one or more claims of the '418 patent, including at least claims 1, 2, 4, 7, 8, and 9, pursuant to 35 U.S.C. § 271(a).

136.    On information and belief, Arista also indirectly infringes the '418 patent by actively inducing infringement under 35 USC § 271(b).

137.    On information and belief, Arista had knowledge of the '418 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Arista knew of the '418 patent and knew of its infringement, including by way of this lawsuit.

138.    On information and belief, Arista intended to induce patent infringement by third-party customers and users of the Arista '418 Products and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Arista specifically intended and was aware that the normal and customary use of the accused products would infringe the '418 patent.  Arista performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '418 patent and with the knowledge that the induced acts would constitute infringement.  For example, Arista provides the Arista '418 Products that have the capability of operating in a manner that infringe one or more of the claims of the '418 patent, including at least claims 1, 2, 4, 7, 8, and 9, and Arista further provides documentation and training materials that cause customers and end users of the Arista '418 Products to utilize the products in a manner that directly infringe one or more claims of the '418 patent.  By providing instruction and training to customers and end-users on how to use the Arista '418 Products in a manner that directly infringes one or more claims of the '418 patent, including at least claims 1, 2, 4, 7, 8, and 9, Arista specifically intended to induce infringement of the '418 patent.  On information and belief, Arista engaged in such inducement to promote the sales of the Arista '418 Products, e.g., through Arista user manuals, product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '418 patent. Accordingly, Arista has induced and continues to induce users of the accused products to use the accused products in

their ordinary and customary way to infringe the '418 patent, knowing that such use constitutes infringement of the '418 patent.

139.    The '418 patent is well-known within the industry as demonstrated by the over 47 citations to the '418 patent family in issued patents and published patent applications assigned to technology companies and academic institutions (*e.g.*, Google, Inc. and International Business Machines Corporation).  Several of Arista's competitors have paid considerable licensing fees for their use of the technology claimed by the '418 patent.  In an effort to gain an advantage over Arista's competitors by utilizing the same licensed technology without paying reasonable royalties, Arista infringed the '418 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

140.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '418 patent.

141.    As a result of Arista's infringement of the '418 patent, MOV Intelligence has suffered monetary damages, and seeks recovery in an amount adequate to compensate for Arista's infringement, but in no event less than a reasonable royalty for the use made of the invention by Arista together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MOV Intelligence respectfully requests that this Court enter:

A.    A judgment in favor of Plaintiff MOV Intelligence that Arista has infringed, either literally and/or under the doctrine of equivalents, the '230 patent, the '006 patent, the '516 patent, the '504 patent, and the '418 patent;

B.    An award of damages resulting from Arista's acts of infringement in accordance with 35 U.S.C. § 284;

C.    A judgment and order finding that Defendant's infringement was willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or

characteristic of a pirate within the meaning of 35 U.S.C. § 284 and awarding to Plaintiff enhanced damages.

D.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant.

E.      Any and all other relief to which MOV Intelligence may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MOV Intelligence requests a trial by jury of any issues so triable by right.

Dated:  September 23, 2016

Respectfully submitted,

/s/  Dorian S. Berger _____
Elizabeth L. DeRieux (TX Bar No. 05770585)
D. Jeffrey Rambin (TX Bar No. 00791478)
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

OF COUNSEL:

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
BERGER & HIPSKIND LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 95047
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com

*Attorneys for Marking Object Virtualization Intelligence,
LLC*